IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Scott O. Brandeberry, | Case No. 3:14 CV 357 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Evy M. Jarrett, et al., | |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Scott Brandeberry filed this action under 42 U.S.C. § 1983 against Lucas County Assistant Prosecutor Evy Jarrett, Lucas County Court of Common Pleas Judge Ruth Franks, Lucas County Assistant Prosecutor Louis Kountouris, Lucas County Court of Common Pleas Judge James Bates, and Lucas County Prosecutor Julia Bates. Plaintiff alleges Defendants arranged for him to be transported from prison to the Lucas County Jail under the guise of conducting a hearing on his motion to withdraw guilty plea, when they actually intended to serve him with a new indictment. He asserts claims for sham legal process, dereliction of duty, abuse of process, breach of public trust, public corruption, conspiracy, and violation of his federal and state civil rights. He seeks monetary damages.

**BACKGROUND**

Plaintiff was indicted in 2009 for failure to verify, a violation of R.C. §§ 2950.06(F) and 2950.99(A). He entered a guilty plea to the charge on May 17, 2010 and was sentenced to five years in prison to be served consecutively with a sentence he received from the Arizona Superior Court, Navajo County.

Plaintiff filed a motion to withdraw guilty plea on August 30, 2012 with the Ohio state court. Judge Franks ordered the Lucas County Sheriff to transport Plaintiff from the Madison Correctional Institution in London, Ohio to the Lucas County Court of Common Pleas for a hearing on Plaintiff's motion. She further ordered Plaintiff to remain in the Lucas County Jail until she ruled on the motion to withdraw guilty plea. The court held a hearing on June 6, 2013, took the motion under advisement, and set bond at $50,000.

That same day, Plaintiff was indicted on a second charge of failure to verify. This case was assigned to Judge Bates. Plaintiff was arraigned on June 11, 2013 and bond for this charge was set at $7,500.

Judge Franks denied Plaintiff's motion to withdraw guilty plea on July 15, 2013. On July 18, 2013, Judge Bates entered a *nolle prosequi* order with respect to the new charges at the state's request. Plaintiff alleges the second indictment was obtained in bad faith in anticipation that Judge Franks may allow him to withdraw his guilty plea to the first charge. He claims Defendants denied him due process and equal protection, and asserts claims for abuse of process, dereliction of duty, breach of public trust, public corruption, and conspiracy.

**STANDARD FOR DISMISSAL**

Although this Court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), this Court must dismiss an *in forma pauperis* action under 28 U.S.C.

§ 915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198–99 (6th Cir. 1990). When determining whether a plaintiff has stated a claim upon which relief can be granted, the district court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*.

## ANALYSIS

A judicial officer is generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judicial officer absolute immunity is overcome if: (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject-matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11–12; *Barnes*, 105 F.3d at 1116. Neither exception applies to this case. All allegations relating to the judicial Defendant describe actions either judge took within his or her judicial capacity (*e.g*., issuing orders, denying Plaintiff's motion, setting bond). Further, Plaintiff does not plausibly allege that the criminal proceedings fell outside the scope of the Lucas County Court of Common Pleas' subject-matter jurisdiction.

A prosecutor also is entitled to absolute immunity in initiating a prosecution or presenting the state's case in court. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Absolute immunity extends to actions taken in an advocate role,

*Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003), or other actions undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). Because the challenged actions of Defendant prosecutors relate to actions taken in the course of their duties, absolute immunity applies.

## CONCLUSION

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2) is granted. Further, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      *s/ Jack Zouhary*
      JACK ZOUHARY
      U. S. DISTRICT JUDGE

August 5, 2014